**EXHIBIT A**

STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH

HILLSBOROUGH, SS

SUPERIOR COURT
NORTHERN DIVISION

Docket No.: 216-2021-CV-00052

| | |
|---|---|
| Chasrick Heredia,<br>c/o Hillsborough County DOC<br>445 Willow Street<br>Manchester, NH 03103<br>Plaintiff,<br><br>v.<br><br>Michael Roscoe, individually,<br>c/o Manchester Police Department<br>405 Valley Street<br>Manchester, NH 03103<br><br>Canada Stewart, individually,<br>c/o Manchester Police Department<br>405 Valley Street<br>Manchester, NH 03103<br><br>Matthew Nocella, individually,<br>c/o Manchester Police Department<br>405 Valley Street<br>Manchester, NH 03103<br><br>Nathan Harrington, individually,<br>c/o Manchester Police Department<br>405 Valley Street<br>Manchester, NH 03103<br><br>Other unknown Manchester<br>Police Officers, individually,<br>c/o Manchester Police Department<br>405 Valley Street<br>Manchester, NH 03103<br><br>        Defendants. | **PLAINTIFF'S COMPLAINT FOR<br>DAMAGES AND OTHER RELIEF**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMES NOW the Plaintiff, Chasrick Heredia ("Chasrick" or "Plaintiff"), by and through the undersigned Counsel, and for his Complaint for Damages and other Relief, states as follows:

This is a Service Document For Case: 216-2021-CV-00052
Hillsborough Superior Court Northern District
1/29/2021 10:43 AM

## JURISDICTION, CAUSE OF ACTION, AND VENUE

1. Plaintiff invokes jurisdiction in this Court for his claims pursuant to RSA 491:7.

2. Plaintiff brings his Federal claims against the State actors pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

3. Plaintiff brings his State claims pursuant to New Hampshire's common law.

4. Defendants' unlawful actions occurred in Manchester, New Hampshire, a municipality in Hillsborough County, therefore venue is appropriate.

## PARTIES

5. At all relevant times, Chasrick was a citizen of the State of New Hampshire.

6. At all relevant times, Defendant Michael Roscoe ("Roscoe") was a police officer employed by the Manchester Police Department.

7. At all relevant times, Defendant Canada Stewart ("Stewart") was a police officer employed by the Manchester Police Department.

8. At all relevant times, Roscoe and Stewart were involved in an intimate relationship together.

9. At all relevant times, Defendant Matthew Nocella ("Nocella") was a police officer employed by the Manchester Police Department.

10. At all relevant times, Defendant Nathan Harrington ("Harrington") was a police officer employed by the Manchester Police Department.

11. At all relevant times, the Unknown Defendant Manchester Police Officers ("Unknown Officers") were employed by the Manchester Police Department.

12. At all relevant times, the Defendants acted under color of state law, but in excess of Federal constitutional limitations and State law.

13. All claims brought pursuant to 42 U.S.C. §1983 are brought against the Defendants in their individual capacities only.

## FACTS

14. On May 11, 2018, using his phone, Chasrick began recording an encounter between Manchester police officers, himself, and other individuals outside a local business. While recording, officers asked Chasrick to leave the area in which he was recording. He asked why they wanted him to leave.

15. The officers became agitated, and Roscoe and another Unknown Officer attacked Chasrick, threw him to the ground, and slammed his head onto the pavement. At some point thereafter, Roscoe left Chasrick. Despite having been slammed onto the pavement and being dizzy, Stewart jumped on him and started punching at him in the head.

16. Despite Stewart having Chasrick pinned to the ground with other officers surrounding them, Roscoe left another individual he was detaining, ran back over to Chasrick, and began repeatedly punching him with both fists in Chasrick's face and head.

17. Then, Stewart and Nocella grabbed him, pushed him up against a parked vehicle, and then drove him to the ground again.

18. While on the ground with his chest facing the ground, while telling the officers he was trying to put his arms behind his back, Roscoe shot Chasrick with a taser. Instead of carefully removing the prongs, either Roscoe or an Unknown Officer ripped the prongs out of him, causing lacerations.

19. Despite suffering multiple blows to the face and head and having the taser prongs ripped out of him, despite having obvious signs of injury, and despite multiple requests to be transported to the hospital, the Defendants refused to render aid or take Chasrick to a

hospital to be evaluated. Instead, he was taken for booking, and then transported to the Hillsborough County Department of Corrections.

20. Roscoe, Stewart, and Harrington all reported in their Incident Reports, and Nocella reported in his Arrest Affidavit, that Chasrick grabbed Stewart's hair, and that he repeatedly punched Stewart in the head. However, Chasrick never punched Stewart. In fact, it was likely Roscoe who punched Stewart in the course of punching Chasrick. The officers made those statements, despite knowing the statements are not true, and knowing that those statements would likely lead to additional or increased charges against Chasrick.

21. Those allegations, in fact, led to charges of First Degree Assault, Second Degree Assault, Simple Assault, and Attempted Murder. Those charges, reciting the false allegations, resulted in indictments against him. He was tried in the Hillsborough County Superior Court Northern Division by jury. The Jury found him "not guilty" on those charges.

22. Until after the trial, neither Stewart nor Roscoe disclosed that they were in an intimate relationship. Therefore, the Grand Jury not only had false information before it, it lacked information to consider the credibility of the two officers mainly involved in the incident.

23. Once charged and indicted, because of the severity of the alleged offenses, the Superior Court set Chasrick's bail at $250,000 cash only. He could not afford the bail, and therefore awaited trial in jail.

24. As a proximate result of the Defendants' unlawful conduct, Chasrick has incurred pain and suffering, humiliation, damage to his reputation, excessive bail, attorney's fees and costs, and other damages.

## CLAIMS

### Count I
(Excessive Force – Initial Attack - Against Roscoe, Stewart, and another Unknown Officer – 42 U.S.C. §1983)

25. Plaintiff incorporates by reference, and re-alleges, all previous paragraphs of this Complaint.

26. Roscoe and an Unknown Officer grabbed Chasrick, pushed him against a vehicle, then threw him to the ground, slamming his head against the pavement. Stewart then began punching him in the face and head while Roscoe left. Roscoe then ran back over and started punching Chasrick in the face and head.

27. Chasrick had done nothing to merit such an attack, and the force Defendants used was objectively unreasonable. Thus, the Defendants used excessive force.

28. Excessive force is unreasonable force and violates the Fourth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

29. As a proximate result of the Defendants' willful and wanton use of excessive force, the Plaintiff has suffered damages including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

### Count II
(Excessive Force – Second Attack – Against Nocella, and Stewart – 42 U.S.C. § 1983)

30. Plaintiff incorporates by reference, and re-alleges, all previous paragraphs of this Complaint.

31. After the initial attack described in Count I, Nocella and Stewart grabbed him up, and shoved him against a car, and then threw him back down to the ground.

32. Chasrick was still not engaged in any behavior that made it necessary for the use of such force. Thus, the force was objectively unreasonable, and therefore excessive.

33. Excessive force is unreasonable force and violates the Fourth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

34. As a proximate result of the Defendants' willful and wanton use of excessive force, the Plaintiff has suffered damages including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

Count III
(Excessive Force – Taser – Against Roscoe and Unknown Officers – 42 U.S.C. §1983)

35. Plaintiff incorporates by reference and re-alleges all previous paragraphs of this Complaint.

36. Despite having given himself up and telling the officers he was surrendering to the arrest, Roscoe shot a taser at Chasrick. Either Roscoe or a different officer, ripped the prongs out of Chasrick, causing severe lacerations. The circumstances neither justified using the taser nor removing the prongs in any manner other than that which is required to safely remove them. Therefore, using the taser and then removing the prongs by ripping them out of Chasrick was excessive force.

37. Excessive force is unreasonable force and violates the Fourth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

38. As a proximate result of the Defendants' willful and wanton use of excessive force, the Plaintiff has suffered damages, including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

Count IV
(Substantive Due Process – Failure to Render Aid/Medical Treatment – Against the Individual Defendants – 42 U.S.C. §1983)

39. Plaintiff incorporates by reference, and re-alleges, all previous Paragraphs of this Complaint.

40. During and following his arrest, Chasrick had obvious bruising, swelling, bleeding, and other visible indicators that he was injured as a result of Roscoe's, Stewarts,' Nocella's, and Unknown Officers' excessive use of force. However, despite his requests, the individual officers refused to transport him to the hospital or render medical treatment to him.

41. Failure to render aid or provide medical treatment when there are obvious signs of trauma violates the Substantive Due Process Clause of the 14th Amendment.

42. As a proximate result of the individual Defendants' willful and wanton violation of Chasrick's substantive Due Process rights, he has suffered damages, including, pain and suffering, emotional distress, humiliation, attorney's fees and costs, and other losses.

Count V
(Denial of Right to a Fair Trial/Due Process – Against Roscoe, Stewart, Nocella, and Harrington – 42 U.S.C. §1983)

43. Plaintiff incorporates by reference, and re-alleges, all previous Paragraphs of this Complaint.

44. Knowingly and intentionally creating or fabricating false information against a plaintiff to secure charges violates the plaintiff's Due Process right to a fair trial.

45. Roscoe, Stewart, Harrington, and Nocella all provided false information via their incident reports and affidavit, claiming that Chasrick punched Stewart. They provided the false information to secure, and in fact, did secure, additional charges against Chasrick, including First Degree Assault, Second Degree Assault, and Attempted Murder. The additional charges also caused the trial court to increase his bail.

46. As a proximate result of the Defendants' willful and wanton violation of Chasrick's Constitutional rights, Chasrick has suffered losses such as pain and suffering,

humiliation, damage to his reputation, enhanced bail conditions, attorney's fees and costs, and other losses.

<u>Count VI</u>
(Malicious Prosecution in violation of the Fourth Amendment – Against Roscoe, Stewart, Harrington, and Nocella – 42 U.S.C. §1983)

47. Plaintiff incorporates by reference, and re-alleges, all previous Paragraphs of this Complaint.

48. A defendant State actor is liable for malicious prosecution where he, causes a criminal prosecution to commence against the plaintiff, with malice, without probable cause, where there is deprivation of a constitutional right and where the prosecution resolves in plaintiff's favor.

49. Chasrick was charged with First Degree Assault, Second Degree Assault, Simple Assault, and Attempted Murder. The charges arose from the statements made in Nocella's arrest affidavit and in Roscoe's, Stewart's, and Harrington's incident reports.

50. The allegations contained in the incident reports and arrest affidavit, giving rise to the charges, namely the allegation that Chasrick repeatedly punched Stewart in the face, are false. In fact, Chasrick never struck Roscoe or Stewart. Furthermore, Roscoe and Stewart never disclosed that they were involved in an intimate relationship. Thus, the Grand Jury was provided false, misleading, and incomplete information. Thus, there was no probable cause to charge Chasrick with assault or attempted murder.

51. The charges led to the Superior Court imposing a high bail amount, which Chasrick could not afford. Therefore, he remained incarcerated through trial.

52. The Jury returned "not guilty" verdicts on those charges. Therefore, the prosecution terminated in his favor.

53. As a proximate result of Defendants' willful and wanton, or at least reckless, conduct, the Plaintiff has suffered damages, including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

### Count VII
(Common Law Assault and Battery – First Attack - Against Roscoe, Stewart, and another Unknown Officer)

54. Plaintiff incorporates by reference, and re-alleges, all previous Paragraphs of this Complaint.

55. Roscoe and an Unknown Officer grabbed Chasrick, pushed him against a vehicle, then threw him to the ground, slamming his head against the pavement. Stewart then began punching him in the face and head while Roscoe left. Roscoe then ran back over and started punching Chasrick in the face and head.

56. Chasrick had done nothing to merit such an attack.

57. Defendants acted with the intention of causing harmful or offensive contact with Chasrick that was unreasonable and not privileged under the circumstances, or with knowledge that such a result would, to a substantial certainty, be produced by their acts.

58. The level of force Defendants used was not authorized or privileged.

59. As a proximate result of Defendants' willful and wanton, or at least reckless, conduct, the Plaintiff has suffered damages, including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

### Count VIII
(Common Law Assault and Battery – Second Attack - Against Roscoe, Nocella, Stewart, and other Unknown Officers)

60. Plaintiff incorporates by reference, and re-alleges, all previous Paragraphs of this Complaint.

61. After the initial attack described in Count I, Nocella and Stewart grabbed him up, and shoved him against a car, and then threw him back down to the ground.

62. Defendants acted with the intention of causing harmful or offensive contact with Chasrick that was unreasonable and not privileged under the circumstances, or with knowledge that such a result would, to a substantial certainty, be produced by their acts.

63. The level of force Defendants used was not authorized or privileged.

64. As a proximate result of Defendants' willful and wanton, or at least reckless, conduct, the Plaintiff has suffered damages, including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

Count IX
(Common Law Assault and Battery – Taser - Against Roscoe and another Unknown Officer)

65. Plaintiff incorporates by reference, and re-alleges, all previous Paragraphs of this Complaint.

66. Despite having given himself up and telling the officers he was surrendering to the arrest, Roscoe shot a taser at Chasrick. Either Roscoe or a different officer, ripped the prongs out of Chasrick, causing severe lacerations. The circumstances neither justified using the taser to begin with, and they did not justify removing the prongs in any manner other than that which is required to safely remove them.

67. Defendants acted with the intention of causing harmful or offensive contact with Chasrick that was unreasonable and not privileged under the circumstances, or with knowledge that such a result would, to a substantial certainty, be produced by their acts.

68. The level of force Defendants used was not authorized or privileged.

69. As a proximate result of Defendants' willful and wanton, or at least reckless, conduct, the Plaintiff has suffered damages, including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

### Count X
(Common Law Malicious Prosecution – Against Roscoe, Stewart, Harrington, and Nocella)

70. Plaintiff incorporates by reference, and re-alleges, all previous paragraphs of this Complaint.

71. A defendant is liable for malicious prosecution where he, causes a criminal prosecution to commence against the plaintiff, with malice, without probable cause, and where the prosecution resolves in plaintiff's favor.

72. Chasrick was charged with First Degree Assault, Second Degree Assault, Simple Assault, and Attempted Murder. The charges arose from the statements made in Nocella's Affidavit supporting his request for an arrest warrant and in Roscoe's, Stewart's, and Harrington's incident reports.

73. The allegations contained in the incident reports and arrest affidavit, giving rise to the charges, namely the allegation that Chasrick repeatedly punched Stewart in the face, are false. In fact, Chasrick never struck Roscoe or Stewart. Furthermore, Roscoe and Stewart never disclosed that they were involved in an intimate relationship. Thus, the Grand Jury was provided false, misleading, and incomplete information. Thus, there was no probable cause to charge Chasrick with assault or attempted murder.

74. The Jury returned "not guilty" verdicts on those charges. Therefore, the prosecution terminated in his favor.

75. As a proximate result of Defendants' willful and wanton, or at least reckless, conduct, the Plaintiff has suffered damages, including, pain and suffering, emotional distress, humiliation, damage to his reputation, attorney's fees and costs, and other losses.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Honorable Court grant the following relief:

### *Federal Constitutional Violations*

A. Award Plaintiff his compensatory damages, including but not limited to, humiliation, emotional distress, pain and suffering, damage to his reputation, and other losses proximately resulting from the Defendants' violations of his Constitutional rights; and

B. Award Plaintiff his presumed damages for Defendants' violations of his Constitutional rights; and

C. Award Plaintiff punitive damages for Defendants' evil motive in violating his Constitutional rights; and

D. Award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

### *State Law Violations*

E. Award the Plaintiff his compensatory damages, including but not limited to, humiliation, emotional distress, pain and suffering, damage to his reputation, and other losses proximately resulting from all common law tortious conduct by the Defendants.

F. Award the Plaintiff enhanced compensatory damages; and

G. Award the Plaintiff his attorney's fees and costs; and

H. Award the Plaintiff such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND
**Plaintiff hereby demands a trial by jury for all claims so triable.**

Dated: January 28, 2021

Respectfully submitted,
Chasrick Heredia,
By, The Law Offices of Martin & Hipple, PLLC

*/s/Stephen T. Martin*
Stephen T. Martin, Esq.
22 Bridge Street; Suite 3
Concord, NH 03301
603-856-0202 (Ext. 1)
smartin@nhlegalservices.com
NH Bar # 19567