**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Chasrick Heredia**

     v.                                                Case No. 21-cv-198-PB
                                                         Opinion No. 2021 DNH 175
**Michael Roscoe et al.**

**MEMORANDUM AND ORDER**

Chasrick Heredia has sued several officers of the Manchester Police Department for excessive use of force during his arrest, fabrication of evidence, and malicious prosecution, among other claims. Defendants moved for judgment on the pleadings with respect to the fabrication and malicious prosecution claims. Heredia subsequently agreed to dismiss the malicious prosecution claims, so the only disputed issue is whether defendants should prevail on their challenge to the fabrication claim. Because defendants have not established that they are entitled to judgment on that claim, I deny their motion.

I.  **BACKGROUND[1]**

This case arose out of an incident that occurred in the early morning hours of May 11, 2018. Manchester Police Officers Michael Roscoe, Canada Stewart, Matthew Nocella, and Nathan

---

[1] The facts are derived from the complaint and public records from the underlying criminal case. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

Harrington responded to a noise complaint at a local bar.  The
officers allegedly became agitated after Heredia, who was
recording the encounter, refused to follow their instruction to
leave the area.  Compl. ¶¶ 14-15, Doc. No. 1-1.  The complaint
alleges that Officer Roscoe and another officer "attacked
[Heredia], threw him to the ground, and slammed his head onto
the pavement."  Id. ¶ 15.  After Officer Roscoe left Heredia to
detain another individual, Officer Stewart allegedly jumped on
Heredia and started punching him in the head.  Id.  Heredia
responded by struggling with Officer Stewart, who sustained a
concussion as a result.  See Doc. No. 12-4 at 4-6.  Officer
Roscoe intervened and "began repeatedly punching [Heredia] with
both fists in [his] face and head."  Compl. ¶ 16.  Officers
Stewart and Nocella then "grabbed [Heredia], pushed him against
a parked vehicle, and then drove him to the ground again."  Id.
¶ 17.  While Heredia was on the ground, Officer Roscoe allegedly
shot him with a taser.  Id. ¶ 18.  One of the officers ripped
the taser's prongs out of Heredia, causing him lacerations.  Id.
Despite Heredia's apparent injuries, the officers refused his
requests for medical treatment and took him to jail.  Id. ¶ 19.

Officers Roscoe, Stewart, Nocella, and Harrington all
reported that Heredia had grabbed Officer Stewart's hair and
repeatedly punched her in the head during the incident.  Id.

¶ 20.  Heredia alleges that he never punched Officer Stewart and that the officers knowingly made those false reports.  Id.

Heredia was charged with attempted murder, first-degree assault, second-degree assault, simple assault, felony resisting arrest, felony riot, two counts of misdemeanor resisting arrest, and misdemeanor disorderly conduct.  At trial, he denied that he had punched Officer Stewart and argued that the officers had used unlawful force against him.  Part of his defense involved questioning the credibility of Officers Roscoe and Stewart and arguing that it was Officer Roscoe who inadvertently punched Officer Stewart while punching Heredia.  The jury acquitted Heredia of the attempted murder and assault charges but convicted him on the remaining charges.  See Doc. No. 12-3 at 1-2; Compl. ¶ 21.

After trial, Heredia learned that Officers Stewart and Roscoe were in a committed, romantic relationship at the time of the incident.  Compl. ¶ 22.  He moved for a new trial based on their failure to disclose this relationship.  The state court granted Heredia's motion, concluding that the undisclosed information was knowingly withheld and that it was favorable to Heredia because it pertained to the officers' credibility and potential motive to lie.  See Doc. No. 12-3 at 4-7.

After the court ordered a new trial, Heredia pleaded guilty to resisting arrest, riot, and disorderly conduct.  The felony

resisting arrest indictment alleged that Heredia "struggled with Officer Stewart as she attempted to handcuff [him] by punching Officer Stewart in the face causing her to sustain a concussion."  Doc. No. 7-2 at 4.  The two misdemeanor resisting arrest charges alleged that Heredia "struggled" with Officers Roscoe and Nocella as they attempted to handcuff him.  Doc. No. 7-4 at 8-9.  The riot indictment alleged that he, with others, "engaged Manchester Police Officers in a fight resulting in [a] concussion to Manchester Police Officer Canada Stewart."  Doc. No. 7-3 at 4.  Lastly, the disorderly conduct charge alleged that Heredia "stood in the middle of the road, refusing to leave following multiple lawful orders to do so by Officer Roscoe."  Doc. No. 7-4 at 10.

During the plea colloquy, Heredia contested the accusation that he had punched Officer Stewart.  See Doc. No. 12-4 at 4-6.  He agreed, however, that he was guilty of felony resisting arrest because he had struggled with Officer Stewart, and she sustained a concussion as a result.  See id.  He did not contest the facts supporting the remaining charges.  The court accepted Heredia's guilty pleas and sentenced him to time served.

In this action, Heredia has sued Officers Roscoe, Stewart, Nocella, and Harrington in their individual capacities.  He has asserted claims for excessive use of force (Counts I-III), failure to render medical treatment in violation of the due

4

process clause (Count IV), fabrication of evidence in violation
of his due process right to a fair trial (Count V), malicious
prosecution in violation of the Fourth Amendment (Count VI),
common law assault and battery (Counts VII-IX), and common law
malicious prosecution (Count X).

Defendants moved for judgment on the pleadings with respect
to the fabrication of evidence (Count V) and malicious
prosecution (Counts VI and X) claims.  The parties subsequently
stipulated to a voluntary dismissal without prejudice of the
malicious prosecution claims.  See Doc. No. 11.  Thus, the
present motion concerns only the fabrication claim.

## II.  STANDARD OF REVIEW

A party may move for judgment on the pleadings at any time
"[a]fter the pleadings are closed--but early enough not to delay
trial."  Fed. R. Civ. P. 12(c); see R.G. Fin. Corp. v. Vergara-
Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).  A motion for judgment
on the pleadings is subject to the same standard of review as a
motion to dismiss for failure to state a claim under Rule
12(b)(6).  Collier v. City of Chicopee, 158 F.3d 601, 602 (1st
Cir. 1998).  Accordingly, in reviewing a motion for judgment on
the pleadings, I "must accept all of the nonmovant's well-
pleaded factual averments as true and draw all reasonable
inferences in his favor."  Rivera–Gomez v. de Castro, 843 F.2d
631, 635 (1st Cir. 1988) (cleaned up).  I may enter judgment on

the pleadings "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007) (cleaned up).

### III. ANALYSIS

Defendants argue that they are entitled to judgment on the pleadings with respect to the claim that they fabricated the story that Heredia had punched Officer Stewart.  Defendants contend that the fabrication claim is barred by (1) the doctrine announced in Heck v. Humphrey, 512 U.S. 477 (1994), (2) judicial estoppel, and (3) collateral estoppel.  The premise that underlies all three arguments is that Heredia admitted to punching Officer Stewart when he pleaded guilty to felony resisting arrest, which precludes him from now arguing that the punching story is a fabrication.  Because the pleadings do not support that premise, the motion is denied.

### A.    The Heck Doctrine

Under Heck, a plaintiff convicted of a crime cannot obtain damages under 42 U.S.C. § 1983 for any actions that "would necessarily imply the invalidity of his conviction" until the conviction is set aside.  512 U.S. at 486-87.  By the same token, "a plaintiff cannot bring a section 1983 fabricated-evidence claim that is analogous to the common-law tort of malicious prosecution 'prior to favorable termination of [the]

6

prosecution.'"  Jordan v. Town of Waldoboro, 943 F.3d 532, 545
(1st Cir. 2019) (quoting McDonough v. Smith, 139 S. Ct. 2149,
2156 (2019)).  Where the underlying conviction has not been
invalidated, "a court must examine the relationship between the
§ 1983 claim and the conviction, including asking whether the
plaintiff could prevail only by negating an element of the
offense of which he was convicted."  O'Brien v. Town of
Bellingham, 943 F.3d 514, 529 (1st Cir. 2019) (cleaned up).

Defendants argue that Heredia's claim that they falsely
accused him of punching Officer Stewart necessarily implies the
invalidity of his conviction for felony resisting arrest.  I
disagree.  Proving that he did not punch her would not negate an
element of that offense.

Under New Hampshire law, a person is guilty of felony
resisting arrest when he "knowingly or purposely interferes with
a person recognized to be a law enforcement official . . .
seeking to effect an arrest or detention" and the act of
resisting causes serious bodily injury to another person.  N.H.
Rev. Stat. Ann. § 642:2.  As defendants point out, the
indictment for this offense alleged that Heredia "struggled with
Officer Stewart as she attempted to handcuff [him] by punching
Officer Stewart in the face causing her to sustain a
concussion."  Doc. No. 7-2 at 4.  During the plea colloquy,
however, Heredia specifically contested the punching claim and

7

instead only agreed that he had caused a concussion to Officer Stewart by struggling with her.  The facts to which he agreed were sufficient to establish the elements of the offense.  The contested allegation of punching was not a necessary fact to secure his conviction.  Rather, it was mere surplusage in the indictment that, even if proven to be false, does not imply the invalidity of Heredia's conviction.  Accordingly, Heck does not bar his claim that defendants fabricated the punching story.

**B.   Judicial Estoppel**

Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Thore v. Howe, 466 F.3d 173, 181 (1st Cir. 2006) (quoting New Hampshire v. Maine, 532 U.S. 742, 749 (2001)).  For guilty pleas, the First Circuit has declined to adopt a per se rule prohibiting a party from admitting to certain facts as part of a plea colloquy and then denying those same facts in a § 1983 action.  See id. at 185.  The applicability of judicial estoppel in this context turns on the equities of the particular case, including whether reasonable justification has been offered for the change in position.  See id. at 185-87.

As discussed above, punching Officer Stewart was not a necessary element of the offense of felony resisting arrest to which Heredia pleaded guilty.  In fact, he specifically disputed

that allegation during his plea colloquy.  Because he is not taking a contrary position when he now alleges that defendants fabricated the punching story, judicial estoppel does not bar his claim.

## C.   Collateral Estoppel

Collateral estoppel bars a party to a prior action from relitigating any issue or fact actually litigated and determined in the prior action. Cook v. Sullivan, 149 N.H. 774, 778 (2003).  For this equitable doctrine to apply, "the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so." Id.

Whether defendants falsely accused Heredia of punching Officer Stewart was not actually litigated and determined in the underlying criminal case.  Contrary to defendants' argument, Heredia did not previously admit to the punching.  Instead, he contested that allegation, and the state court nonetheless accepted his guilty plea.  Therefore, collateral estoppel does not bar his fabrication of evidence claim.[2]

---

[2] I agree with defendants that the fabrication claim cannot be used to recover damages for the time Heredia served in prison, considering that the conviction and sentence he received following his guilty pleas were not tainted by the alleged

## IV.   **CONCLUSION**

For the foregoing reasons, I deny defendants' motion for judgment on the pleadings (Doc. No. 7) with respect to the fabricated evidence claim (Count V).

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

November 12, 2021

cc:  Counsel of Record

---

fabrication.  The Supreme Court, however, has signaled that "other types of harm independent of a liberty deprivation" could support a fabrication claim.  See McDonough, 139 S. Ct. at 2155 n.2.  Because the briefing on this issue is not well developed, I decline to address it at this stage.