UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| *Chasrick Heredia*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>*Michael Roscoe, et al.*, )<br>)<br>Defendants. ) | Civil Action No.: 21-cv-00198-PB<br><br>**PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS WITH PROPOSED JURY INSTRUCTIONS** |

COMES NOW the Plaintiff, Chasrick Heredia, by and through the undersigned Counsel, and for his Request for Jury Instructions with Proposed Jury Instructions, submits the following:

## CLAIMS

### PROPOSED JURY INSTRUCTION #1[1]

### Establishing Claim Pursuant to 42 U.S.C. § 1983

To establish a claim under 42 U.S.C. § 1983, Chasrick Heredia must prove that it is more likely than not that Defendants:

1. Acted under color of state law;

2. Subjected the plaintiff, or caused him to be subjected;

3. To a deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States.

If you find that Chasrick Heredia has proven each element to be more likely true than not true, you must find in his favor.

---

[1] *See* N.H. CIVIL JURY INSTRUCTIONS 26.1 (2015).

**PROPOSED JURY INSTRUCTION #2[2]**

**Acting Under Color of State Law**

You should find that Defendants acted under color of state law if you find <u>either of the following to be more likely than not</u>:

*Either*

1. Defendants acted as a state official when committing the wrongs in question;

*Or*

2. Defendants misused their power they possessed by virtue of state law and said misuse of power was made possible or aided by the fact that Defendants were clothed with the authority of state law.

<u>In determining whether Defendants acted under state law pursuant to either of the above, remember that an act can be under color of state law even if the official uses or abuses the official's power, and even if the action is unlawful.</u>

---

[2] *See* N.H. CIVIL JURY INSTRUCTIONS 26.2 (2015).

## PROPOSED JURY INSTRUCTION #3[3]

**Deprivation of Right Secured by the Constitution – 4th Amendment Excessive Use of Force**

To establish that Defendants used excessive force, Chasrick Heredia must prove all of the following by a preponderance of the evidence:

1. That Defendants used force in arresting Chasrick Heredia;
2. That the force Defendants used was excessive;
3. That Defendants were acting, or purporting to act, in the performance of their official duties;
4. That Chasrick Heredia was harmed; and
5. That Defendants' use of excessive force was a substantial factor in causing Chasrick Heredia's harm.

If, however, the force used was reasonable under the circumstances, the force was not excessive. In deciding whether the force used was reasonably necessary or excessive, you should determine what a reasonable law enforcement officer would have used under the same or similar circumstances. In doing so, you should consider:

(a) Whether Chasrick Heredia reasonably appeared to pose an immediate threat to the safety of Defendants or others;
(b) The seriousness of the crime at issue; and
(c) Whether Chasrick Heredia was actively resisting arrest or attempting to avoid arrest by flight, and whether the use of force was commensurate to the level of resistance or flight.[4]

---

[3] In addition to the other sources cited, these instructions were crafted using N.H. CIVIL JURY INSTRUCTIONS NS26.103 (2022-2023).

[4] *See e.g. Jennings v. Jones*, 499 F.3d 2, 11-12 (1st Cir. 2007) (quoting the trial court's jury instructions).

PROPOSED JURY INSTRUCTION #4[5]

**Deprivation of Right Secured by the Constitution – Substantive Due Process – Failure to Render Aid/Medical Treatment**

To establish that Defendants failed to render aid/medical treatment, Chasrick Heredia must prove all of the following by a preponderance of the evidence:

1. Chasrick Heredia was injured;
2. The Defendants knew or should have known he was injured;
3. Chasrick Heredia requested, or it was obvious that he required, medical attention;
4. The Defendants did not provide such medical attention; and
5. The Defendants were deliberately indifferent to Chasrick's medical needs by not providing medical treatment.

You may find that the Defendants were deliberately indifferent if the injuries were substantial enough where a lay person would understand that the injuries required medical treatment.

---

[5] *See Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 74 (1st Cir. 2016)

## PROPOSED JURY INSTRUCTION #5[6]

**Deprivation of Right Secured by the Constitution – Due Process – Unfair Trial**

To establish that Defendants violated Chasrick Heredia's due process right to a fair trial, Chasrick Heredia must prove all of the following by a preponderance of the evidence:

1. Defendants knowingly and intentionally fabricated or withheld evidence;

2. The fabricated evidence was presented to the Court or Jury and/or evidence was withheld from the Court or Jury; and

3. Chasrick Heredia was harmed as a result of the fabrication or withholding of evidence.

---

[6] *See White v. Roe*, 2020 U.S. Dist. LEXIS 125779, 11 (D.N.H. 2020), *see also Burke v. Town of Walpole*, 405 F.3d 66, 81-82 (1st Cir. 2005), *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129-30 (2nd Cir. 1997).

## PROPOSED JURY INSTRUCTION #6[7]

### State Law Claim – Battery

The Defendants are liable to Chasrick Heredia for battery if you find that:

1. The Defendants acted with the intention of causing harmful or offensive contact with plaintiff, or with the intension of causing imminent apprehension of such contact, or with knowledge that such a result would, to a substantial certainty, be produced by his/her act; and

2. An offensive contact with Chasrick Heredia directly or indirectly resulted.

You may find that contact was offensive if it offends a reasonable sense of personal dignity. It must be a contact which is unwarranted according to the social values prevalent at the time and place at which it is inflicted.

You may find Defendants liable if you find that the Defendants acted with the intention of inflicting upon Chasrick Heredia a harmful or offensive bodily contact or of putting Chasrick Heredia in apprehension of either a harmful or offensive bodily contact, and if it caused offensive bodily contact to Chasrick Heredia, even though the act was not done with the intention of bringing about the precise offensive contact which resulted.

---

[7] *See* N.H. CIVIL JURY INSTRUCTIONS NS20.1 (2022-2023).

## DAMAGES

### PROPOSED JURY INSTRUCTION #7

### Punitive Damages

You may assess punitive damages against Defendants if you find that it is more likely than not that:

1. Defendants were motivated by evil motive or intent. If you find that it is more likely than not that Defendants' conduct was outrageous, you may infer that they possessed evil motive or intent.[8]

Alternatively, you may assess punitive damages against Defendants if you find that it is more likely than not that:

2. Defendants acted recklessly or with callous indifference for Chasrick Heredia's Constitutional rights.[9] In other words, if you find that it would have been clear or obvious to a reasonable person in Defendants' position that their conduct would violate Chasrick Heredia's Constitutional rights, then you must find that Defendants acted with reckless or callous indifference to those rights.[10]

If you find that either 1 or 2 apply in this case, then you may assess punitive damages that you believe are sufficient to punish Defendants and to deter them from committing such acts in the future.[11]

---

[8] *See Powell v. Alexander*, 391 F.3d 1, 19 (1st Cir. 2004) (discussing in the context of a retaliation case).

[9] *Davet v. Maccarone*, 973 F.2d 22, 27 (1st Cir. 1992) (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

[10] *Torres-Ocasio v. Melendez*, 283 F. Supp. 2d 505, 517 (D.P.R. 2003) (citing *Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 92 (1st Cir. 1987)).

[11] *Davet*, 973 F.2d at 27 (quoting *Hernandez-Tirado v. Artau*, 874 F.2d 866, 869 (1st Cir. 1989)).

## PROPOSED JURY INSTRUCTION #8[12]

**Compensatory Damages**

You may award Chasrick Heredia an amount to compensate him for injuries actually caused by Defendants' unlawful conduct.

---

[12] *See* N.H. CIVIL JURY INSTRUCTIONS 26.6 (2015).

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Honorable Court grant the following relief:

A. GRANT this Request for Jury Instructions; and

B. GRANT all further relief that this Honorable Court deems just and proper.

Dated: January 9, 2023                               Respectfully submitted,
                                                     Chasrick Heredia,
                                                     By, The Law Offices of Martin & Hipple, PLLC


                                                      /s/Stephen T. Martin
                                                     Stephen T. Martin, Esq.
                                                     390 Loudon Road
                                                     Concord, NH 03301
                                                     (603) 856-0202 (Ext. 1)
                                                     smartin@nhlegalservices.com
                                                     NH Bar #: 19567


                                                      /s/Seth J. Hipple
                                                     Seth J. Hipple, Esq.
                                                     390 Loudon Road
                                                     Concord, New Hampshire 03301
                                                     603-856-0202 (Ext. 2)
                                                     sjhipple@nhlegalservices.com
                                                     NH Bar#: 19555


## CERTIFICATE OF SERVICE

COMES NOW Attorney Stephen T. Martin, Counsel for the Plaintiff, and hereby certifies that I have caused a copy of the foregoing to be served, using this Court's CM/ECF system on all Counsel of record.

Dated: January 9, 2023                    /s/ Stephen T. Martin
                                          Stephen T. Martin, Esq.