UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Chasrick Heredia,<br><br>        **Plaintiff**<br>v.<br><br>MPD Officer Michael Roscoe, individually;<br>MPD Officer Canada Stewart, individually;<br>MPD Officer Matthew Nocella, individually;<br>MPD Officer Nathan Harrington, individually.<br><br>        **Defendants** | Civil Action No. 1:21-cv-00198-PB |

# DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS

NOW COME Defendants, City of Manchester Police Officer Michael Roscoe ("Roscoe"), City of Manchester Police Officer Canada Stewart ("Stewart"), City of Manchester Police Officer Matthew Nocella ("Nocella"), and City of Manchester Police Officer Nathan Harrington ("Harrington"), by their counsel, Gallagher, Callahan & Gartrell, PC, and hereby respectfully submit the following Jury Instructions pursuant to Rule 16.2 of the Local Rules of the United States District Court for the District of New Hampshire. In submitting the Proposed Jury Instructions, the Defendants reserve the right to supplement pursuant to Local Rule 16 or as orders of this Court render necessary.

[Signature page to follow.]

1

Respectfully submitted,

**MICHAEL ROSCOE, CANADA STEWART, MATTHEW NOCELLA AND NATHAN HARRINGTON**

By Their Attorneys,

**GALLAGHER, CALLAHAN & GARTRELL, P.C.**

Dated:  January 9, 2023         By:     /s/ Charles P. Bauer
                                        Charles P. Bauer, Esq. (#208)
                                        Keelan B. Forey, Esq. (#272933)
                                        214 North Main Street
                                        Concord, NH  03301
                                        603-228-1181
                                        bauer@gcglaw.com
                                        forey@gcglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent this date to all parties/counsel of record via the Court's electronic filing system.

Dated:  January 9, 2023         By:     /s/ Charles P. Bauer
                                        Charles P. Bauer, Esq. (#208)

*Defendants' Requested Instruction No. 1*

**CIVIL RIGHTS CLAIM PURSUANT TO 42 U.S.C. §1983: ELEMENTS**

In order to establish a claim under 42 U.S.C. §1983, plaintiff must prove that all of the following is more probable than not:
  (1) The defendant(s);
  (2) Acting under color of state law;
  (3) Subjected the plaintiff or caused the plaintiff to be subjected;
  (4) To the deprivation of a right, privilege, or immunity secured by the
  Constitution of the United States.

If you find that plaintiff has failed to establish any one of these special elements with regard to a given defendant, you must find in favor of that defendant with regard to the 42 U.S.C § 1983 claim.

**Source**

42 U.S.C. § 1983; NH Model Civil Jury Instruction No. 26.1; *Putnam v. Univ. of New Hampshire*, 138 N.H. 238 (1994); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

*Defendants' Requested Instruction No. 2*

Plaintiff was arrested and pled guilty to felony riot. Under New Hampshire law, a person is guilty of felony riot if:

> "I. . . . (a) Simultaneously with 2 or more other persons, he engages in tumultuous or violent conduct and thereby purposely or recklessly creates a substantial risk of causing public alarm; or
> (b) He assembles with 2 or more other persons with the purpose of engaging soon thereafter in tumultuous or violent conduct, believing that 2 or more other persons in the assembly have the same purpose; or
>
> \*\*\*
>
> II. Any person who refuses to comply with a lawful order to withdraw given to him immediately prior to, during, or immediately following a violation of paragraph I is guilty of riot. It is no defense to liability under this paragraph that withdrawal must take place over private property; provided, however, that no person so withdrawing shall incur criminal or civil liability by virtue of acts reasonably necessary to accomplish the withdrawal.
>
> \*\*\*
>
> IV. Riot is a class B felony if, in the course of and as a result of the conduct, any person suffers physical injury, or substantial property damage or arson occurs, or the defendant was armed with a deadly weapon, or knowingly throws or causes to propel any object or substance of any kind at any uniformed law enforcement officer or uniformed emergency responder, regardless of whether such object actually strikes the uniformed law enforcement officer or uniformed emergency responder, except that if the deadly weapon was a firearm, he or she shall be sentenced in accordance with RSA 651:2, II-g. Otherwise, it is a misdemeanor.

**Source. RSA 644:1** *(inapplicable portions of the statute have been deleted)*

*Defendants' Requested Instruction No. 3*

Plaintiff was arrested and pled guilty to felony resisting arrest/detention and misdemeanor resisting arrest/detention. Under New Hampshire law:

"A person is guilty of a misdemeanor when the person knowingly or purposely physically interferes with a person recognized to be a law enforcement official, including a probation or parole officer, seeking to effect an arrest or detention of the person or another regardless of whether there is a legal basis for the arrest. A person is guilty of a class B felony if the act of resisting arrest or detention causes serious bodily injury, as defined in RSA 625:11, VI, to another person. Verbal protestations alone shall not constitute resisting arrest or detention."

**Source. RSA 642:2**

*Defendants' Requested Instruction No. 4*

Plaintiff was arrested and pled guilty to disorderly conduct. Under New Hampshire law, a person is guilty of disorderedly conduct if:

> "I. He knowingly or purposely creates a condition which is hazardous to himself or another in a public place by any action which serves no legitimate purpose; or
> II. He or she:
> (a) Engages in fighting or in violent, tumultuous or threatening behavior in a public place; or
> (b) Directs at another person in a public place obscene, derisive, or offensive words which are likely to provoke a violent reaction on the part of an ordinary person; or
> (c) Obstructs vehicular or pedestrian traffic on any public street or sidewalk or the entrance to any public building; or
> \*\*\*
> (e) Knowingly refuses to comply with a lawful order of a peace officer to move from or remain away from any public place; or
> III. He purposely causes a breach of the peace, public inconvenience, annoyance or alarm, or recklessly creates a risk thereof, by:
> (a) Making loud or unreasonable noises in a public place, or making loud or unreasonable noises in a private place which can be heard in a public place or other private places, which noises would disturb a person of average sensibilities[.]"

**Source. RSA 644:2.** *(inapplicable portions of the statute have been deleted)*

*Defendants' Requested Instruction No. 5*

The plaintiff claims that the defendants violated his Fourth Amendment rights by using excessive force during their interaction.

To establish a Fourth Amendment violation based on excessive force, the plaintiff must show by a preponderance of the evidence that the defendants employed force that was unreasonable under the circumstances. Excessive force claims are evaluated under the Fourth Amendment's objective reasonableness standard that permits force to be used only to the extent an officer reasonably, even if mistakenly, believed that force was necessary. "Whether the force used to effect a particular seizure is reasonable 'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" "Not every push or shove, even if it may later seem unnecessary in the peace of a [jury deliberation room] is actionable."

For his Fourth Amendment claim under § 1983 based on her claims for excessive use of force, the plaintiff must prove that the defendants used force which exceeded that which was reasonably necessary to effectuate the arrest. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). The plaintiff must demonstrate that the defendants' actions "were not objectively reasonable, viewed in light of the facts and circumstances confronting them without regard to their underlying motivation." *Marier v. Town of Allenstown*, 2003 D.N.H. 172. In this case, the Plaintiff may only recover a verdict for excessive force if the Plaintiff establishes, by a preponderance of the evidence, that the defendants employed force that was unreasonable as defined above.

**Source**

*Adapted from Christian v. Anderson, et al*. 05-CV-356-JD (9/14/07); *Whitfield v. Melendez-Rivera*, 431 F.3d 1, 7 (1st Cir. 2005).

*Defendants' Requested Instruction No. 6*

**<u>Qualified Immunity</u>**

*The defendants have asserted the defense of qualified immunity. The Court has discretion in determining the manner in which qualified immunity will be decided. See Swain v. Spinney, 117 F.3d 1, 10 n.3 (1st Cir. 1997) (trial court can utilize special interrogatories and decide the immunity question or it may craft carefully structured qualified immunity instructions and submit the issue to the jury). The defendants submit a qualified immunity instruction in the event the Court intends to submit the defense entirely to the jury. In the event that the Court treats the qualified immunity defense as involving a question of law for the Court, the defendants will submit a proposed special verdict form or proposed special interrogatories so that the jury can determine the underlying factual disputes and the Court can then apply the law to the facts. See generally Ninth Circuit Model Civil Jury Instructions section 11.3, Qualified Immunity; 4 Schwartz & Pratt, Section 1983 Litigation, Jury Instructions sec. 17.02 at pp. 17-5 through 17-18 (model qualified immunity instructions and discussion relative to deciding the question at trial).*

<u>Instruction</u>

If you find that the defendants violated the plaintiff's constitutional rights, the defendants still may not be liable to the plaintiff. This is so because the defendants may be entitled to what is called qualified immunity. If you find that the defendants are entitled to such an immunity, you cannot find the defendants liable.

A defendant-officer is entitled to a qualified immunity if, at the time he or she allegedly violated the plaintiff's rights, he or she neither knew nor should have known that their actions were contrary to federal law. The simple fact that the defendant-officer acted in good faith is not enough to bring him within the protection of this qualified immunity. Nor is the fact that the defendant-officer was unaware of the federal law. The defendant-officer is entitled to qualified immunity only if he or she did not know what he or she did was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of the defendant-officer's conduct, you may consider the nature of the defendant-officer's official duties, the character of his or her official position, the information which was known to the defendant-officer or not known to him or her, and the events which confronted him or her. You must ask yourself what a reasonable official in the defendant-officer's situation would have believed about the legality of his or her conduct. (You should not, however, consider what the defendant-officer's subjective intent was, even if you believe it was to harm the plaintiff.) You may also use your common sense. If you find that a reasonable official in the defendant-officer's situation would believe his or her conduct to be lawful, then this element will be satisfied, and you must find for the defendant-officer.

8

A defendant-officer has the burden of proving that he or she neither knew nor should have known that his or her actions violated federal law. If defendant-officer convinces you by preponderance of the evidence that he or she neither knew nor should have known that his or her actions violated federal law, then you must return a verdict for that defendant-officer, even though you may have previously found that the officer in fact violated the plaintiff's rights under color of state law.

## Source

Modern Federal Jury Instructions, Bender & Company, Inc., Part IV. Substantive Civil Instructions, Chapter 87, Civil Rights Actions--42 U.S.C. §§ 1981-1985, § 87.03, Form 87-86 Qualified Immunity.

*Defendants' Requested Instruction No. 7*

**Official Immunity**

The defendants are entitled to judgment on the state law claims of assault and battery if you find that their actions or omissions were: "(1) made within the scope of [their] official duties while in the course of [their] employment; (2) discretionary, rather than ministerial; and (3) not made in a wanton or reckless manner." Here, the defendants were acting in the scope of their official duties and in the course of his employment. In addition, the act of ordering the plaintiff to get out of the roadway and the level of their use of force in their interactions with the defendant are discretionary rather than ministerial. Therefore, you must find for the defendants on the counts of assault and battery unless you find that the defendants' conduct was made in a wanton or reckless manner.

Wanton or reckless conduct is an aggravated type of negligence differing in quality from ordinary negligence. Such conduct evinces a heedless disregard for the rights of another with consciousness that an act or failure to act will likely result in injury to the other.

**Source**

*Everitt v. General Electric Company*, 2006-481 (September 21, 2007) at 16. *See also Inserra v. Nedeau* CV-93-279-SD 11/10/94 (citing *Akerley v. Hartford Ins. Group*, 136 N.H. 433, 437, 616 A.2d 511, 514 (1992) (citing Keeton, et al, Prosser and Keeton on the Law of Torts ù 34, at 212 (5th ed. 1984)). *See generally* Black's Law Dictionary 1270-71 and 1582 (6th ed. 1990).

*Defendants' Requested Instruction No. 8*

**Double Recovery Prohibited**

The plaintiff is proceeding on various claims in this case arising out of the same incident. If the plaintiff establishes that his civil or state rights were violated, you may only award him damages once for each distinct injury.

**Source**

*See*, *e.g.*, *Panas v. Harakas*, 129 N.H. 591, 617 (1987); *Schneider v. Plymouth State College*, 144 N.H. 458, 466 (1999); *Daniels v. Barker*, 89 N.H. 416, 422 (1938).