## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**<u>Chasrick Heredia</u>**

     **v.**                                        Case No. 21-cv-198-PB

**<u>Michael Roscoe, Canada Stewart,</u>**
**<u>Matthew Nocella, Nathan Harrington</u>**

## <u>JURY INSTRUCTIONS</u>

## <u>INTRODUCTION</u>

At this stage of the trial, it is my duty to instruct you on the principles of law that you will apply in deciding this case. It is your duty to follow these instructions during your deliberations. You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.

You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than the law as I give it to you in my instructions.

## <u>JURY SOLE JUDGES OF FACT</u>

You are the sole and exclusive judges of the facts. You must weigh the evidence that has been presented impartially, without bias, without prejudice, without sympathy. You must decide as to what the facts are, what the truth is, based upon the evidence presented in the case. You will decide the case by applying the law as I give it to you in these instructions and the facts as you find them to be from the evidence.

## TESTIMONY OF WITNESSES

Witnesses have given testimony on both direct examination and cross-examination. In determining what the facts are, you must assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility, I mean the believability or the truthfulness of a witness. You must also decide what weight to give to each witness's testimony.

To assess the credibility of witnesses, you should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor and manner while testifying. Consider the witness's ability to see, hear, or know the matters about which that witness has testified. Consider whether the witness had a good memory

of what the witness has testified about. Consider whether the witness had any reason for telling the truth or not telling the truth; whether the witness had an interest in the outcome of the case; whether the witness had anything to gain or lose as a result of his or her testimony; whether the witness had any friendship, relationship, or animosity towards other individuals involved in the case; whether the witness's testimony was consistent or inconsistent with the witness's own testimony and the testimony of other witnesses. Consider the extent to which, if any, the testimony of each witness is either supported or contradicted by other evidence in the case.

After assessing the credibility of each witness, you will assign to the testimony of each witness such weight as you deem proper. You are not required to believe or give weight to the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief and to determine what weight to give to the testimony of each witness.

## EXPERT WITNESS

When knowledge of a technical subject may be helpful to a jury, a person who has special training or experience in that technical field -- he or she is called an expert witness -- is permitted to state his or her opinion on

those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon the testimony of an expert witness.

The opinions offered by the expert who testified in this case were based upon particular facts which he observed or learned from others, or that counsel who questioned him asked him to assume.  You may reject the expert's opinion if you decide that the facts are different from the facts that formed the basis of his opinion.  You may also reject his opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion.

An expert's opinion is subject to the same rules concerning reliability as the testimony of any other witness.  In deciding whether to accept or rely upon the opinion of the expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and any income earned from such testimony represents a significant portion of his income.  You may also consider the background and experience of the expert witness to determine whether the expert witness is qualified to express the opinion he has testified to.

In short, it is up to you to decide whether to accept all, part, or none of the testimony of the expert witness.

## WEIGHT OF THE EVIDENCE

The weight of the evidence is not determined by the number of witnesses testifying on either side. You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue.

In reviewing the evidence, you should consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important but the quality of the evidence that has been produced that is important. You must consider all of the evidence no matter which side produced or elicited it because there are no property rights in witnesses or in the evidence that is presented.

## TESTIMONY OF A POLICE OFFICER

The testimony of a police officer should be considered by you just as any other evidence in this case. In evaluating a police officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. You should not give either greater or lesser weight to the testimony of a witness merely because he or she is a police officer.

## **STATEMENTS, ARGUMENTS,**

## **REMARKS, AND OBJECTIONS BY COUNSEL**

During the course of the trial you have heard certain statements and arguments, and remarks from counsel. These are intended to help you in understanding the evidence and in applying the law to this case, but statements, arguments, and remarks by counsel are not evidence in the case and are not instructions on the law. If counsel have made any statements concerning the evidence that are contrary to your recollection of the evidence, then you must take your own recollection as to the evidence. If counsel have made any statements concerning the law that are contrary to my instructions, you must take the law from me.

From time to time during the course of the trial counsel have made objections. This is a proper function to be performed by counsel on behalf of their respective clients. You should not concern yourself with the fact that objections have been made, nor with my rulings on those objections. I must rule on objections, and I have not intended to indicate in any way by my rulings or by what I have said what the verdict should be in this case.

In this case, as in all cases, I am completely neutral and impartial. It is up to you to determine whether the plaintiff has proved his case based on the facts as you find them to be and the law as I give it to you.

## WHAT IS EVIDENCE

The direct evidence in this case consists of (1) the sworn testimony of the witnesses, both on direct and cross-examination, regardless of who may have called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence:

1.      Arguments and statements by lawyers are not evidence. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by objections or by my ruling on objections.

3.      Testimony that has been excluded or struck, or that you have been instructed to disregard, is not evidence and must not be considered.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in deciding this case. Direct evidence is the testimony given by a witness about what that witness has seen, heard, or observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked and any stipulations that have been agreed to by the lawyers for both sides.

Evidence may also be used to prove a fact by inference, and this is referred to as circumstantial evidence. In other words, from examining direct evidence you may be able to draw certain inferences that are reasonable and justified in light of your daily experience and your common sense. Such reasonable inferences constitute circumstantial evidence.

## BURDEN OF PROOF

This is a civil case, not a criminal case. In a criminal case, the state has the burden of proving a defendant's guilt beyond a reasonable doubt. Here, the plaintiff has the burden of proving or establishing his case by the lesser

standard known as a preponderance of the evidence. In a moment, I will instruct you as to what "preponderance of the evidence" means, but I repeat that in this type of case the plaintiff has the burden of proof against the defendant he sues. The plaintiff may not prevail if he does not satisfy his burden of proof.

## PREPONDERANCE OF THE EVIDENCE

A preponderance of evidence exists with respect to a claim when all of the credible evidence in the case proves that the claim is more probable than not.

As an example of what I mean by a preponderance of the evidence, imagine in your mind the scales of justice. Put all the credible evidence on the scales, with the evidence in favor of the party having the burden of proof on one side of the scales, and the evidence in favor of the other party on the other side. If the scales tip, ever so slightly, for the party having the burden of proof, then that party has sustained his burden. If the scales tip in favor of the other side, or remain in balance, then the burden of proof has not been satisfied.

As I mentioned previously, consider all the evidence in the case no matter who produced it. Keep in mind that it is the quality of the evidence that is important, not the quantity.

## THE CLAIMS

The plaintiff asserts three different claims. First, the plaintiff asserts a claim of excessive force against all four defendants. Second, the plaintiff asserts a claim for failure to render medical aid against Officer Nocella. Finally, the plaintiff asserts claims against Officers Roscoe and Stewart for fabricating evidence that he punched Officer Stewart.

You must assess each defendant's liability for each offense individually because each defendant is entitled to a fair, separate, and individual consideration of the evidence without regard to your decision as to the others. The plaintiff bears the burden of proof with respect to each defendant on each claim.

I will now explain the plaintiff's claims in greater detail.

### A.    EXCESSIVE FORCE CLAIMS

The Fourth Amendment to the Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only use the amount of force that is reasonably necessary under the circumstances to make an arrest.

To prove an excessive force claim against any of the defendants, the plaintiff must prove by a preponderance of the evidence that:

(1)     the defendant intentionally used force against him during his arrest on May 11, 2018, and

(2)     the force the defendant used was excessive under the circumstances.

In determining whether the force used by a defendant was excessive, the issue is whether the defendant used greater force than was reasonably necessary to make the arrest. In answering this question, you must assess the matter objectively from the perspective of a reasonable officer in the same circumstances that confronted the officer rather than with the 20/20 vision of hindsight. What matters is whether a defendant's actions were objectively reasonable in light of the facts and circumstances confronting the defendant.

You should consider all relevant facts and circumstances in determining whether the force used was excessive including:

- the nature of the crime or suspected offense;

- whether the plaintiff was actively resisting arrest and the nature of any such resistance;

- whether the plaintiff was attempting to evade arrest by flight;

- whether the plaintiff posed an imminent threat to the safety of the officers or others;

- the extent of the plaintiff's injuries;

- whether the defendant was forced to make a split-second judgment in circumstances that were tense, uncertain, and rapidly evolving;

- any efforts by the defendant to limit the amount of force used;

- the possibility that other persons subject to police action were violent or dangerous;

- the duration of the action; and

- the number of persons with whom the defendant had to contend and the number of officers at the scene who could assist with the arrest.

The plaintiff has not challenged the lawfulness of his arrest. Instead, he claims that the officers used excessive force when making the arrest.

**B.    MEDICAL NEED CLAIM**

The plaintiff asserts that Officer Nocella violated his Fourteenth Amendment right to due process by exhibiting deliberate indifference to his serious need for medical aid following his arrest. To succeed on this claim, against Officer Nocella, the plaintiff must prove that:

(1)    the plaintiff had a serious medical need;

(2)    the defendant was deliberately indifferent to the serious medical need; and

(3)    the defendant's deliberate indifference harmed the plaintiff.

A "serious medical need" is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention.

To prove deliberate indifference, the plaintiff must demonstrate that the defendant was aware that the plaintiff had a serious medical need, and nevertheless disregarded that serious medical need by intentionally failing to take reasonable measures to address it. If you find the plaintiff's serious medical need was obvious, you may infer from this that the defendant was aware of that need. However, if you conclude that the defendant was unaware of the serious medical need, then you must find that he was not deliberately indifferent. Mere negligence or inadvertence are insufficient to establish deliberate indifference.

## C.    <u>FABRICATING EVIDENCE CLAIMS</u>

Finally, the plaintiff claims that Officers Roscoe and Stewart violated his Fourteenth Amendment right to due process by fabricating evidence that the plaintiff punched Officer Stewart. To succeed on this claim against Officer Roscoe or Stewart, the plaintiff must prove that:

(1)    the defendant knowingly fabricated evidence that the plaintiff punched Officer Stewart;

(2)    the defendant intentionally provided the fabricated evidence to the prosecutor; and

(3)    there is a reasonable likelihood that, without the fabricated

evidence, the plaintiff would not have been criminally charged with

attempted murder, first degree assault, second degree assault, and/or simple

assault.

"Evidence," as I use it here, includes statements or reports provided by

a defendant to the prosecutor. It is no defense that the defendant did not

personally file the criminal charges against the plaintiff.


## DAMAGES

If you return a verdict for the plaintiff on any of his claims, then you

will consider damages. The fact that I am instructing you on damages does

not indicate in any way that the plaintiff is entitled to an award of damages.

These instructions as to the measure of damages are given to you for your

guidance in the event that you should find in favor of the plaintiff on one or

more of his claims. If, on the other hand, you find that the plaintiff has not

proved any of his claims, then you will not consider or award damages.

If you return a verdict for the plaintiff on any of his claims, you must

award him either (1) compensatory damages, if those damages are proved, or

(2) nominal damages. You may then consider whether the plaintiff has

proved that he is entitled to an award of punitive damages.

### A.    <u>COMPENSATORY DAMAGES</u>

The general purpose of awarding compensatory damages to a plaintiff, who is found to be entitled to an award, is to give a sum of money, which, as nearly as possible, will restore the plaintiff to the position he would be in if the wrong had not been committed. A plaintiff who seeks damages has the burden of proving that it is more probable than not that the damages were caused by the defendant's wrongful conduct.  Additionally, a plaintiff seeking damages must show the nature, extent, and amount of those damages.

To demonstrate that the damages were caused by the defendant's wrongful conduct, the plaintiff must prove by a preponderance of the evidence that the damages:

(1)    would not have occurred but for the defendant's wrongful conduct; and

(2)    were a reasonably foreseeable consequence of the defendant's wrongful conduct.

If you decide that plaintiff has proved that it is more probable than not that the defendants caused the damages he claims, you must then decide the amount to award as compensation.

A compensatory damage award must equal the amount of money that you believe will fairly and justly compensate the plaintiff for any injury you find he actually sustained as a consequence of the defendant's wrongful

conduct.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  Compensatory damages should not be awarded out of sympathy, passion, or prejudice, nor should they be based on guess or speculation. Rather, compensatory damages should be based on the law and the evidence.

Compensatory damages may include an award for physical pain and suffering and emotional distress or mental anguish if the plaintiff proves by a preponderance of the evidence that he suffered that harm or injury as a consequence of the defendant's wrongful conduct. There is no standard prescribed by law by which to fix reasonable compensation for pain, suffering, and mental anguish.  In making an award for this element, you should exercise your reasonable judgment and determine damages that are full, fair, and adequate in light of the evidence.

## B.   NOMINAL DAMAGES

If you find that a defendant violated the plaintiff's constitutional rights, but conclude that the plaintiff has not proved that he is entitled to compensatory damages, you must award damages in a nominal or token amount of not more than one dollar. A violation of a plaintiff's constitutional rights is an injury even if the plaintiff does not suffer any other harm as a result.

Therefore, if you find that a defendant violated the plaintiff's constitutional rights but that the plaintiff is not entitled to compensatory damages for that violation, you must award nominal damages, not to exceed one dollar, against the defendant or defendants who violated his constitutional rights.

### C.    <u>PUNITIVE DAMAGES</u>

If you return a verdict for the plaintiff on any of his claims with either compensatory or nominal damages, you may, but are not required to, award punitive damages. Punitive damages serve to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded and the amount, if any, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was motivated by evil motive or evil intent or involved reckless or callous indifference to the federally protected rights of the plaintiff. Conduct is in reckless or callous disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may

consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may award punitive damages against all defendants you find liable to the plaintiff or against none of them. Punitive damages may be awarded even if you award the plaintiff only nominal and not compensatory damages.

## CONCLUSION

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case which is important to all of the parties. You are to exercise your judgment and common sense without prejudice, without sympathy, but with honesty and understanding. You should be conscientious in your determination of a just result in this case because that is your highest duty as officers of this court.

### A.   SELECTION OF FOREPERSON

When you retire, you should elect one member of the jury as your foreperson. That individual will act very much like the chairman of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions, and arguments on the evidence and on the law.

### B.   VERDICT MUST BE UNANIMOUS

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

C.   **DELIBERATIONS**

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Remember at all times that you are not partisans, you are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case. If during your deliberations it becomes necessary to communicate with me, you may do so only in writing, signed by the foreperson or by one or more members of the jury. Give that note to the marshal and he will bring it to my attention. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with you on anything concerning the case either in writing or orally in the courtroom.

Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged.

Nothing said in these instructions is intended to suggest or to convey in anyway or manner what your verdict should be. The verdict is your sole and exclusive duty and responsibility.

**D.    <u>VERDICT</u>**

When you have arrived at a verdict, you will record your findings on the verdict form that you will be given. The verdict form includes questions for you to answer and directions about the sequence in which you will answer the questions.

When you have completed the questions on the verdict form, notify the court security officer and you will be returned to the courtroom to deliver the verdict.